IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Trading Technologies International, Inc., <br><br> Plaintiff, <br> v. <br><br> Open E Cry, LLC; and optionsXpress Holdings, Inc., <br><br> Defendants. | Case No. 10-cv-885 <br><br> Judge Milton I. Shadur <br> Magistrate Judge Arlander Keys <br><br> **JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES TO
## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendants Open E Cry, LLC ("Open E Cry") and optionsXpress Holdings, Inc. ("optionsXpress"), answer the Amended Complaint for Patent Infringement as follows:

## THE PARTIES

1. Plaintiff Trading Technologies is a Delaware Corporation with a principal place of business at 222 South Riverside Plaza, Suite 1100, Chicago, Illinois 60606.

**Answer:** Admitted.

2. Defendant Open E Cry is an Ohio Corporation with its corporate headquarters at 9482 Wedgewood Blvd, Suite 150, Powell, Ohio 43065. Open E Cry was acquired by Defendant optionsXpress on July 1, 2008, and is currently a wholly-owned subsidiary of optionsXpress. Ex. A.

**Answer:** Admitted.

3. Defendant optionsXpress is a Delaware corporation having a principal place of business at 311 W. Monroe St., Chicago, Illinois 60606.

**Answer:** Admitted.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the acts of Congress relating to patents, namely the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court thereby has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Answer:** Admitted.

5. Defendant optionsXpress has a principal place of business in this district and regularly conducts business in this district. optionsXpress is therefore subject to personal jurisdiction in this district.

**Answer:** Admitted.

6. Open E Cry regularly conducts business in this district. Defendant Open E Cry's trading software provides access to exchanges in this district, including the Chicago Board of Trade ("CBOT") and the Chicago Mercantile Exchange ("CME"). Ex. B. Defendant Open E Cry has formed and continues to be a part of business partnerships with entities in this district, including licensing its software and intellectual property to persons who trade on the CBOT and the CME. Defendant Open E Cry actively markets, demonstrates, licenses and sells its trading software in this district. Therefore, this Court has jurisdiction generally over Defendant Open E Cry.

**Answer:** Defendants deny that Open E Cry has formed and continues to be a part of business partnerships with entities in this district, but admits that Open E Cry allows its users to use software and intellectual property to trade on the CBOT and the CME. Defendants admit the remaining allegations in this paragraph.

7. Defendants have committed and continue to commit acts of patent infringement in this district, through the manufacturing, sale, offer for sale and/or use of the Open E Cry Depth of Market ("DOM") software, Ex. C. Therefore, this Court has specific jurisdiction over Defendants.

**Answer:** Defendants deny that they have committed or currently commit any acts of patent infringement in this district, through the manufacturing, selling, offer for sale and/or use of the Open E Cry Depth of Market ("DOM") software. Defendants admit that Plaintiffs have alleged facts to support personal jurisdiction over Defendants.

8. Defendants reside in this district, because they are subject to personal jurisdiction in this district. Therefore, this District is a proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**Answer:** Admitted.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,766,304

9. Plaintiff Trading Technologies incorporates paragraphs 1-8 as if set forth in full.

**Answer:** Defendants incorporate their answers to paragraphs 1-8 above.

10. Plaintiff Trading Technologies is the owner of U.S. Patent No. 6,766,304 ("the '304 patent"), titled "Click Based Trading with Intuitive Grid Display of Market Depth," which was duly and legally issued on July 20, 2004. A true and correct copy of the '304 patent is attached as Exhibit D.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of this paragraph. Defendants admit that a copy of the '304 patent is attached to the Amended Complaint as Exhibit D.

11. Plaintiff Trading Technologies has never licensed Defendants under the '304 patent nor otherwise authorized Defendants to practice the '304 patent.

**Answer:** Admitted.

12. Defendants have infringed and continue to infringe the '304 patent by making, using, selling and/or offering for sale products covered by claims of the '304 patent, including at a minimum Open E Cry's DOM software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

**Answer:** Denied.

13. Defendants have in the past and continue to promote, advertise and instruct customers and potential customers about the Open E Cry products and uses of the products, including infringing uses. Defendants' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.openecry.com and the distribution of user guides and tutorials. *See*, *e.g.*, Ex. C.

**Answer:** Defendants admit that they have in the past and continue to promote, advertise and instruct customers and potential customers about the Open E Cry DOM software and uses of the

DOM software, but defendants deny that this includes infringing uses. Defendants admit the remaining allegations in this paragraph.

14. Defendants' Open E Cry products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**Answer:** Denied.

15. Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '304 patent in violation of 35 U.S.C. § 271(b) and (c).

**Answer:** Denied.

16. Defendants' infringement of the '304 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

**Answer:** Denied.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,772,132

17. Plaintiff Trading Technologies incorporates paragraphs 1-16 as if set forth in full.

**Answer:** Defendants incorporate their answers to paragraphs 1-16 above.

18. Plaintiff Trading Technologies is the owner of U.S. Patent No. 6,772,132 ("the '132 patent"), titled "Click Based Trading with Intuitive Grid Display of Market Depth," which was duly and legally issued on August 3, 2004. A true and correct copy of the '132 patent is attached as Exhibit E.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of this paragraph. Defendants admit that a copy of the '132 patent is attached to the Amended Complaint as Exhibit E.

19. Plaintiff Trading Technologies has never licensed Defendants under the '132 patent nor otherwise authorized Defendants to practice the '132 patent.

**Answer:** Admitted.

20. Defendants have infringed and continue to infringe the '132 patent by making, using, selling and/or offering for sale products covered by claims of the '132 patent, including at a minimum Open E Cry's DOM software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

**Answer:** Denied.

21. Defendants have in the past and continue to promote, advertise and instruct customers and potential customers about the Open E Cry products and uses of the products, including infringing uses. Defendants' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.openecry.com and the distribution of user guides and tutorials. *See*, *e.g.*, Ex. C.

**Answer:** Defendants admit that they have in the past and continue to promote, advertise and instruct customers and potential customers about the Open E Cry DOM software and uses of the DOM software, but defendants deny that this includes infringing uses. Defendants admit the remaining allegations in this paragraph.

22. Defendants' Open E Cry products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**Answer:** Denied.

23. Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '132 patent in violation of 35 U.S.C. § 271(b) and (c).

**Answer:** Denied.

24. Defendants' infringement of the '132 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

**Answer:** Denied.

### COUNT III:
### INFRINGEMENT OF U.S. PATENT NO. 7,212,999

25. Plaintiff Trading Technologies incorporates paragraphs 1-24 as if set forth in full.

**Answer:** Defendants incorporate their answers to paragraphs 1-24 above.

26. Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,212,999 ("the '999 patent"), titled "User Interface for an Electronic Trading System," which was duly and legally issued on May 1, 2007. A true and correct copy of the '999 patent is attached as Exhibit F.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of this paragraph. Defendants admit that a copy of the '999 patent is attached to the Amended Complaint as Exhibit F.

27. Plaintiff Trading Technologies has never licensed Defendants under the '999 patent nor otherwise authorized Defendants to practice the '999 patent.

**Answer:** Admitted.

28. Defendants have infringed and continue to infringe the '999 patent by making, using, selling and/or offering for sale products covered by claims of the '999 patent, including at a minimum Open E Cry's DOM software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

**Answer:** Denied.

29. Defendants have in the past and continue to promote, advertise and instruct customers and potential customers about the Open E Cry products and uses of the products, including infringing uses. Defendants' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.openecry.com and the distribution of user guides and tutorials. *See e.g.*, Ex. C.

**Answer:** Defendants admit that they have in the past and continue to promote, advertise and instruct customers and potential customers about the Open E Cry DOM software and uses of the DOM software, but defendants deny that this includes infringing uses. Defendants admit the remaining allegations in this paragraph.

30. Defendants' Open E Cry products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**Answer:** Denied.

31. Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '999 patent in violation of 35 U.S.C. §271(b) and (c).

**Answer:** Denied.

32. Defendants' infringement of the '999 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

**Answer:** Denied.

## COUNT IV:
## INFRINGEMENT OF U.S. PATENT NO. 7,533,056

33. Plaintiff Trading Technologies incorporates paragraphs 1-32 as if set forth in full.

**Answer:** Defendants incorporate their answers to paragraphs 1-32 above.

34. Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,533,056 ("the '056 patent"), titled "User Interface for an Electronic Trading System," which was duly and legally issued on May 12, 2009. A true and correct copy of the '056 patent is attached as Exhibit G.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of this paragraph. Defendants admit that a copy of the '056 patent is attached to the Amended Complaint as Exhibit G.

35. Plaintiff Trading Technologies has never licensed Defendants under the '056 patent nor otherwise authorized Defendants to practice the '056 patent.

**Answer:** Admitted.

36. Defendants have infringed and continue to infringe the '056 patent by making, using, selling and/or offering for sale products covered by claims of the '056 patent, including at a minimum Open E Cry's DOM software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

**Answer:** Denied.

37. Defendants have in the past and continue to promote, advertise and instruct customers and potential customers about the Open E Cry products and uses of the products, including infringing uses. Defendants' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.openecry.com and the distribution of user guides and tutorials. *See*, *e.g.*, Ex. C.

**Answer:** Defendants admit that they have in the past and continue to promote, advertise and instruct customers and potential customers about the Open E Cry DOM software and uses of the DOM software, but defendants deny that this includes infringing uses. Defendants admit the remaining allegations in this paragraph.

38. Defendants' Open E Cry products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**Answer:** Denied.

39. Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '056 patent in violation of 35 U.S.C. §271(b) and (c).

**Answer:** Denied.

40. Defendants' infringement of the '056 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

**Answer:** Denied.

## COUNT V:
## INFRINGEMENT OF U.S. PATENT NO. 7,676,411

41. Plaintiff Trading Technologies incorporates paragraphs 1-40 as if set forth in full.

**Answer:** Defendants incorporate their answers to paragraphs 1-40 above.

42. Plaintiff Trading Technologies is the owner of U.S. Patent No. 7,676,411 ("the '411 patent"), titled "Click Based Trading with Intuitive Grid Display of Market Depth," which was duly and legally issued on March 9, 2010. A true and correct copy of the '411 patent is attached as Exhibit H.

**Answer:** Defendants lack knowledge or information sufficient to form a belief about the truth of

the allegation in the first sentence of this paragraph. Defendants admit that a copy of the '411

patent is attached to the Amended Complaint as Exhibit H.

43. Plaintiff Trading Technologies has never licensed Defendants under the '411 patent nor otherwise authorized Defendants to practice the '411 patent.

**Answer:** Admitted.

44. Defendants have infringed and continue to infringe the '411 patent by making, using, selling and/or offering for sale products covered by claims of the '411 patent, including at a minimum Open E Cry's DOM software, without Plaintiff Trading Technologies' authorization in violation of 35 U.S.C. § 271(a).

**Answer:** Denied.

45. Defendants have in the past and continue to promote, advertise and instruct customers and potential customers about the Open E Cry products and uses of the products, including infringing uses. Defendants' promotion, advertising and instruction efforts include, at a minimum, the maintenance of the website www.openecry.com and the distribution of user guides and tutorials. *See*, *e.g.*, Ex. C.

**Answer:** Defendants admit that they have in the past and continue to promote, advertise and instruct customers and potential customers about the Open E Cry DOM software and uses of the DOM software, but defendants deny that this includes infringing uses. Defendants admit the remaining allegations in this paragraph.

46. Defendants' Open E Cry products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**Answer:** Denied.

47. Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '411 patent in violation of 35 U.S.C. §271(b) and (c).

**Answer:** Denied.

48. Defendants' infringement of the '411 patent has caused irreparable harm to Plaintiff Trading Technologies and will continue to do so unless enjoined.

**Answer:** Denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

One or more claims of the '304 patent, the '132 patent, the '999 patent, the '056 patent, and the '411 patent ("the patents-in-suit") are invalid for failure to comply with the statutory requirements set forth in 35 U.S.C. § 102 in view of at least the following prior art references: U.S. Patent No. 5,136,501, entitled "Anonymous Matching System"; U.S. Patent No. 5,101,353, entitled, "Automated System for Providing Liquidity To Securities Markets"; U.S. Patent No.

5,297,031, entitled "Method And Apparatus For Order Management By Market Brokers"; U.S. Patent No. 6,278,982, entitled "Securities Trading System For Consolidation Of Trading On Multiple ECNs And Electronic Exchanges"; and U.S. Patent No. 6,014,643, entitled "Interactive Securities Trading System."

**SECOND AFFIRMATIVE DEFENSE**

One or more claims of each of the patents-in-suit are invalid for failure to comply with the statutory requirements set forth in 35 U.S.C. § 103, in view of at least the following prior art references, each taken alone or in combination: U.S. Patent No. 5,136,501, entitled "Anonymous Matching System"; U.S. Patent No. 5,101,353, entitled, "Automated System for Providing Liquidity To Securities Markets"; U.S. Patent No. 5,297,031, entitled "Method And Apparatus For Order Management By Market Brokers"; U.S. Patent No. 6,278,982, entitled "Securities Trading System For Consolidation Of Trading On Multiple ECNs And Electronic Exchanges"; and U.S. Patent No. 6,014,643, entitled "Interactive Securities Trading System."

**THIRD AFFIRMATIVE DEFENSE**

The patents-in-suit do not meet one or more of the conditions specified in 35 U.S.C. § 112 and are invalid, void, and unenforceable against Defendants, for either or both of the following reasons:

(a) The specifications thereof are incomplete, vague and indefinite and do not contain a written description of the inventions, and of the manner and process of making and using them, in such full, clear, concise and exact terms as to enable a person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same, and do not set forth the best mode contemplated by the inventors of carrying out the inventions; and

(b) The claims of the patents-in-suit are vague and indefinite and fail to particularly point out and distinctly claim the subject matter of the alleged invention.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from construing the patent claims for the patents-in-suit in any manner that would contradict the Federal Circuit's construction of the claims in *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340 (Fed. Cir. 2010).

## FIFTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is limited by 35 U.S.C. § 286 to infringement that occurred within the limitations period of six years prior to the filing of the complaint.

## SIXTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is limited to infringement that occurred after the filing of the complaint, as Plaintiff has failed to mark its products made under the patents-in-suit in conformance with the requirements of 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of laches. Plaintiff's delay in proceeding with this action against Defendants from when it first learned, or should have learned of Defendants' allegedly infringing conduct bars Plaintiff's claims and/or requested relief. Plaintiff filed numerous patent infringement lawsuits in 2004 and 2005 in this district based on the '304 patent and the '132 patent: *Trading Technologies Int'l, Inc. ("TTI") v. eSpeed Inc.*, Case No. 04-5312; *TTI v. Goldendberg Hehmeyer*, Case No. 04-6278; *TTI v. Kingstree Trading*, Case No. 04-6740; *TTI v. Refco Group, Ltd. LLC*, Case No. 05-1079; *TTI v. Man Group PLC et al.*, Case No. 05-2164; *TTI v. Patsystems NA LLC et al.*, Case No. 05-2984; *TTI v. Ninja Trader, LLC*, Case No. 05-3953; *TTI v. GL Consultants, Inc. et al.*, Case No. 05-4120; *TTI v. Peregrine*

*Financial Group, Inc. et al.*, Case No. 05-4137; *TTI v. Strategy Runner, Ltd*, Case No. 05-4357; *TTI v. Rolfe & Nolan Systems Inc. et al.*, Case No. 05-4354; *TTI v. FFastFill PLC et al.*, Case No. 05-4449; *TTI v. CQG et al.*, Case No. 05-4811; *TTI v. Transmarket Group, LLC*, Case No. 05-5161; *TTI v. FuturePath Trading LLC*, Case No. 05-5164; and *TTI v. Orc Software, Inc. et al.*, Case No. 05-6265. However, Plaintiff waited until 2010 to file a lawsuit, based on the same patents-in-suit, against Defendants. This delay has prejudiced Defendants, creating the belief that the DOM software did not infringe the patents-in-suit, which thereby allowed Defendants to invest money in the production, development, and marketing of its DOM software for the past several years.

## JURY DEMAND

Defendants demand trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Defendants pray that:

(A) The Court adjudge the claims of the patents-in-suit to be invalid and/or not infringed;

(B) the Court dismiss Plaintiff Trading Technologies' Amended Complaint with prejudice on the merits;

(C) the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award Defendants their reasonable attorneys' fees;

(D) the Court award Defendants their costs; and

(E) the Court grant Defendants any further and additional relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:   August 9, 2010 | By: s/ Robert W. Unikel<br>Robert W. Unikel<br>Deanna L. Keysor<br>Kaye Scholer LLP<br>Three First National Plaza<br>70 West Madison Street<br>Suite 4100<br>Chicago, Illinois 60602<br>robert.unikel@kayescholer.com<br>deanna.keysor@kayescholer.com<br>(312) 583-2300<br><br>*Attorneys for Defendants Open E Cry, LLC and optionsXpress Holdings, Inc.* |

## **CERTIFICATE OF SERVICE**

I, Robert W. Unikel, an attorney, hereby state that I caused a copy of the foregoing **Answer and Affirmative Defenses to Amended Complaint for Patent Infringement** to be served on counsel of record on August 9, 2010 as follows:

Via CM/ECF Filing:

Leif R. Sigmond, Jr.
sigmond@mbhb.com
Jennifer M. Kurcz
kurcz@mbhb.com
Kristen L. Thomson
thomson@mbhb.com
Matthew David Gannon
gannon@mbhb.com
S. Richard Carden
carden@mbhb.com
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
32nd Floor
Chicago, Illinois 60606

Steven F. Borsand
steve.borsand@tradingtechnologies.com
Trading Technologies International, Inc.
222 South Riverside Drive
#1100
Chicago, Illinois 60606

*Attorneys for Plaintiff Trading Technologies International, Inc.*

/s/ Robert W. Unikel